The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SAMATAR ABDI,<br><br>           Plaintiff,<br><br>     v.<br><br>AB CAR RENTAL SERVICES, INC., a Delaware corporation,<br><br>           Defendant. | Case No. 2:16-cv-421 RSL<br><br>**AMENDED COMPLAINT** |

Plaintiff Samatar Abdi ("Plaintiff"), by his attorneys and on behalf of all others similarly situated (i.e., the "Class" as defined below), complains against Defendant and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action individually and on behalf of the Class against AB Car Rental Services, Inc., ("AB Car Rental") under Chapter 7.45, *et seq.*, of the City of SeaTac Municipal Code, the City's minimum wage ordinance (the "Ordinance"), and for unjust enrichment, upon personal knowledge as to himself and his own acts, and as to all other matters upon information and belief based on the investigation made by his attorneys.

2. The facts giving rise to this action involve the Defendant's violations of the Ordinance by failing to pay the prevailing minimum wage to hourly workers within the Class.

Class Action Amended Complaint - 1

3.     As a result of Defendant's wrongful conduct, the Plaintiff and the Class have been injured.

## PARTIES

4.     Plaintiff Samatar Abdi is a natural person and at all times relevant hereto has been a resident of King County, Washington.  In April and May of 2014, Plaintiff worked for the Defendant as a car checker at an hourly wage rate less than $15.00.

5.     Defendant AB Car Rental Services, Inc. is, on information and belief, a foreign business entity with headquarters at 6 Sylvan Way, Parsippany, NJ 07054.   AB Car Rental Services, Inc. provides car rental services in the Seattle-Tacoma International Airport and otherwise within the City of SeaTac.

6.     On information and belief, Defendant AB Car Rental Services, Inc. operates car rental operations world-wide, including at Seattle-Tacoma International Airport, under the "Avis" and "Budget" tradenames.

7.     AB Car Rental Services, Inc. and its parent company, Avis Budget Group, Inc. describe themselves  thus in its online publicity:

> Avis Car Rental and its subsidiaries operate one of the world's best-known car rental brands with approximately 5,450 locations in more than 165 countries. Avis has a long history of innovation in the car rental industry and is one of the world's top brands for customer loyalty. Avis is owned by Avis Budget Group, Inc. (NASDAQ: CAR), which operates and licenses the brand throughout the world
>
> ***
>
> Avis Budget Group, Inc. is a leading global provider of vehicle rental services, both through its Avis and Budget brands, which have more than 10,000 rental locations in approximately 175 countries around the world, and through its Zipcar brand, which is the world's leading car sharing network, with more than 950,000 members.  Avis Budget Group operates

Class Action Amended Complaint - 2

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

most of its car rental offices in North America, Europe and Australia directly, and operates primarily through licensees in other parts of the world. Avis Budget Group has approximately 30,000 employees and is headquartered in Parsippany, N.J.

8. Defendant is the employer of the Plaintiff and the Class.

## JURISDICTION AND VENUE

9. The Defendant is located or is doing business in King County, Washington. The wrongful acts complained of here occurred in whole or in part in King County, Washington. This court had personal jurisdiction over the Defendant and subject matter jurisdiction over the matters related to this action.

## SUBSTANTIVE ALLEGATIONS

10. Section 7.45.050 of the Ordinance requires certain employers within the City to pay a $15 minimum wage to certain employees, subject to annual adjustments to be effective on January 1 of the next successive year. The law became effective on January 1, 2014.

11. The minimum wage for 2014 was $15 and for 2015 was $15.25.

12. The two categories of employers that are subject to the Ordinance are identified as "Hospitality Employers" and "Transportation Employers."

13. A Hospitality Employer is defined as follows:

> "*Hospitality Employer*" means a person who operates within the City any Hotel that has one hundred (100) or more guest rooms and thirty (30) or more workers or who operates any institutional foodservice or retail operation employing ten (10) or more nonmanagerial, nonsupervisory employees. This shall include any person who employs others providing services for customers on the aforementioned premises, such as a temporary agency or subcontractor.

14. A Transportation Employer is defined as:

Class Action Amended Complaint - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

> "*Transportation Employer*" means:
> 1) A person, excluding a certificated air carrier performing services for itself, who:
>
>    a) operates or provides within the City any of the following: any curbside passenger check-in services; baggage check services; wheelchair escort services; baggage handling; cargo handling; rental luggage cart services; aircraft interior cleaning; aircraft carpet cleaning; aircraft washing and cleaning; aviation ground support equipment washing and cleaning; aircraft water or lavatory services; aircraft fueling; ground transportation management; or any janitorial and custodial services, facility maintenance services, security services, or customer service performed in any facility where any of the services listed in this paragraph are also performed; and
>    b) employs twenty-five (25) or more nonmanagerial, nonsupervisory employees in the performance of that service.
>
> 2) A transportation employer also includes any person who:
>
>    a) operates or provides rental car services utilizing or operating a fleet of more than one hundred (100) cars; shuttle transportation utilizing or operating a fleet of more than ten (10) vans or buses; or parking lot management controlling more than one hundred (100) parking spaces; and
>    b) employs twenty-five (25) or more nonmanagerial, nonsupervisory employees in the performance of that operation.

15. The two categories of employees that are subject to the Ordinance are "Hospitality Workers" and "Transportation Workers."

16. A Hospitality Worker is defined as:

> "*Hospitality Worker*" means any nonmanagerial, nonsupervisory individual employed by a Hospitality Employer.

17. A Transportation Worker is defined as:

> "*Transportation Worker*" means any nonmanagerial, nonsupervisory individual employed by a Transportation Employer.

Class Action Amended Complaint - 4

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

**FACTUAL ALLEGATIONS AS TO PLAINTIFF**

18. Plaintiff was employed by AB Car Rental as a car checker June to September of 2015.

19. During the period from June to September of 2015, Defendant paid the Plaintiff an hourly rate of $11.25 per hour.

20. By failing to pay the prevailing minimum wage, Defendant acted unlawfully and proximately caused damages to the Plaintiff in an amount to be proven at trial.

**CLASS ALLEGATIONS**

21. Plaintiff brings this class action pursuant to Civil Rule 23 on behalf of himself and all members of the following Class:

> All employees of the Defendant who have been either Hospitality Workers or Transportation Workers and who worked one or more hours within the City of SeaTac at any time during the time period from January 1, 2014, to the present, and who were paid less than the prevailing minimum wage prescribed by City of SeaTac Ordinance 7.45.050.

22. Plaintiff reserves the right to amend or modify this Complaint and/or the Class definition after receiving Defendant's Answer and responses to meaningful discovery and/or in the motion for class certification.

23. Members of the Class are so numerous and geographically dispersed that joinder of all Class members is impracticable. The precise number and identities of Class members are unknown to Plaintiff but should be obtainable through notice and discovery. Notice can be provided through a variety of means including publication, the cost of which is properly imposed on Defendant.

Class Action Amended Complaint - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

24.  Plaintiff will fairly and adequately protect the interests of all Class members and has retained counsel competent and experienced in class and employment litigation and who have been repeatedly found to be adequate to represent the interests of class members in other complex class actions.

25.  Plaintiff's claims are typical of the claims of the Class whose members sustained similar types of injury arising out of the conduct challenged in this action. The injuries flow from the common nucleus of operative facts detailed above.

26.  There is a well-defined community of interest in the common questions of law and/or fact alleged herein since the rights of each Class member were infringed or violated in a similar fashion based upon Defendant's wrongdoing or arise out of similar legal obligations.

27.  The common questions of law and fact detailed in this Complaint predominate over any questions solely affecting individual Class members. Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff and the Class members. Individual questions, if any, pale by comparison to the numerous common questions that predominate.

28.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. Furthermore, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them.

29.  The claims in this action are manageable on a class-wide basis and can be the subject of a class-wide plan for litigating and resolving these issues.

Class Action Amended Complaint - 6

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

30. Defendant also acted or refused to act on grounds generally applicable to the Class, thereby making it appropriate to grant final declaratory and injunctive relief with respect to the Class as a whole.

## CAUSES OF ACTION

### Count 1 – Statutory Violations

31. RCW 49.46.120 establishes Washington State's minimum wage and provides for enforcement of more favorable minimum wages that may be established federal, state, or local law or ordinance.

32. Pursuant to RCW 49.46.090, "Any employer who pays any employee less than wages to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount of such wage rate, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court."

33. Pursuant to RCW 49.52.050,

> Any employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who
> ***
> (2) Wilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract;
> ***
> Shall be guilty of a misdemeanor.

34. Pursuant to 49.52.070,

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of RCW 49.52.050 (1) and (2) shall be liable in a civil action by the aggrieved employee or his or her assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by

Class Action Amended Complaint - 7

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

35.  Defendant violated the foregoing statutes and is liable to the Plaintiff and the Class for actual damages, double damages, and attorneys' fees and costs.

### Count 2 – Unjust Enrichment

36.  As described more fully above, the Defendant has been unjustly enriched by wrongfully withholding wages from the Class.

### Count 3 – Injunctive and Declaratory Relief

37.  As described more fully above, the Plaintiff and the Class are entitled to a declaration of their right to be paid the prevailing minimum wage and an injunction prohibiting the Defendant from further violations of the Ordinance.

### PRAYER FOR RELIEF

Based upon the above allegations, Plaintiff requests the following relief as appropriate for each cause of action:

A.  An Order certifying that this action be maintained as a class action and appointing Plaintiff as Representative of the Class and his counsel as Class counsel;

B.  For all actual, incidental, consequential, exemplary and/or statutory damages as provided for by law under the above causes of action that permit such relief including double damages under RCW 49.52.050 and .070, or other monies expended by Plaintiff and members of the Class;

C.  For preliminary and permanent injunctive relief prohibiting, restraining and enjoining Defendant from engaging in the conduct complained of herein;

Class Action Amended Complaint - 8

D. For an award of attorneys' fees to the extent available under applicable law;

E. For costs of suit herein incurred;

F. For pre- and post-judgment interest; and/or

G. For such other and further relief as this Court deems appropriate or which is allowed for in law or equity.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable as a matter of right, and for an advisory jury on all other causes of action.

DATED this 23rd day of September, 2016.

BADGLEY MULLINS TURNER PLLC

/s/Duncan C. Turner
Duncan C. Turner, WSBA No. 20597
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone:  (206) 621-6566
Facsimile:   (206) 621-9686
Email:  duncanturner@badgleymullins.com

LAW OFFICE OF DANIEL R. WHITMORE

/s/Daniel R. Whitmore
Daniel R. Whitmore, WSBA No. 24012
2626 15th Avenue West, Suite 200
Seattle, WA 98119
Telephone: (206) 329-8400
Facsimile: (206) 329-84001
Email: dan@whitmorelawfirm.com

Class Action Amended Complaint - 9

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2016, I served a copy of the foregoing on the following parties via ECF filing:

Ryan O. Hammon
Breanne Martell
Jeannie Bohlman
Littler Mendelson
600 University Street, Suite 3200
Seattle, WA 98101
Email: rhammond@littler.com
Email: dsmartell@littler.com
Email: jbohlman@littler.com

                                              */s/ Staci Wilkie*
                                              Staci Wilkie, Paralegal
                                              Badgley Mullins Turner, PLLC

Class Action Amended Complaint - 10

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686